UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEVERLY K. STOREY, and
BRENDA L. CARL,

       Plaintiffs,

                               Case No. 15-cv-13577
v.                           HON. GEORGE CARAM STEEH

ATTENDS HEALTHCARE
PRODUCTS, INC.,

       Defendant.
_____/

OPINION AND ORDER GRANTING DEFENDANT'S
RENEWED MOTION TO DISMISS (DOC. 24)

## I. Background

Defendant Attends Healthcare Products, Inc. sells a variety of adult incontinence protection products, including extended-wear incontinence products (Extended Wear Products). According to named plaintiffs Beverly Storey and Brenda Carl (plaintiffs), Defendant falsely represented to consumers that its Extended Wear Products were safe for long-term use (or, alternatively, failed to warn consumers that the Extended Wear Products were *not* safe for long-term use). Plaintiffs allege that contrary to Defendant's representations/omissions, the Extended Wear Products were

- 1 -

not safe for long-term use because they "increased the risk of adverse health consequences" like urinary tract infections (UTIs) and skin irritation leading to skin ulcers. (Doc. 23, Pls.' Sec. Am. Class Action Compl. & Jury Demand [hereinafter SAC] ¶ 2). Plaintiffs state that they purchased the Extended Wear Products in Arizona and Michigan and assert numerous causes of action under Michigan and Arizona law: (1) breach of implied warranty of merchantability, (2) breach of implied warranty of fitness for particular purpose, (3) violation of Michigan and Arizona consumer protection acts, and (4) unjust enrichment. Although plaintiffs have not yet moved for class certification, they ultimately aspire to represent a nationwide class of consumers who have purchased the Extended Wear Products throughout the United States. Therefore, plaintiffs have also asserted the four causes of action listed above under the laws of all fifty states and the District of Columbia.

The Court previously granted defendant's Renewed Motion to Dismiss the First Amended Complaint (FAC) because "a fundamental flaw permeate[d] all four counts." (Doc. 21 at 3, Opinion and Order Granting Def's Renewed Mot. Dismiss). The Court explained that "[a]ll four counts are premised on Plaintiffs' contention that Defendant's Extended Wear

Products are not safe for long term use. But Plaintiffs have utterly failed to allege *any* facts that would render this contention plausible, other than a conclusory allegation that use of the Extended Wear Products" increases the risk of adverse health consequences. *Id.*

Defendant now moves to dismiss the SAC. The Court heard oral argument on this motion on November 9, 2016. The Court will grant defendant's motion for the reasons explained below. In short, all four counts of the SAC rely on the contention that defendant's Extended Wear Products present a higher risk of harm relative to other non-extended wear products, and plaintiff has failed to state sufficiently particularized facts to render this contention plausible. Instead, plaintiff makes a series of conclusory allegations that are not entitled to weight under the Rule 12(b)(6) standard, as explicated by the Supreme Court in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

## II. Legal Standard

When a party attacks a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must decide whether the complaint states a claim upon which relief may be granted. Generally speaking, the court must construe the complaint in favor of the plaintiff, accept the allegations of the

complaint as true, and determine whether the plaintiff's factual allegations present plausible claims. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007). But there are some allegations that a court need not accept as true and which are therefore insufficient to allow a complaint to survive a Rule 12(b)(6) motion. In particular, a court should not accept "legal conclusions cloaked as fact." *Haddad v. Randall S. Miller Associates, PC*, 587 F. App'x 959, 963 (6th Cir. 2014) (unpublished). Similarly, "naked assertions devoid of further factual enhancement" and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" are insufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This means that to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555) (citations and quotation marks omitted). Even though a complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Id.*

### III. Analysis

The SAC alleges four counts, all of which were also featured in the FAC. Thus, the Court has already analyzed the prima facie elements of each claim in its prior opinion and order dismissing the FAC. (Doc. 21). The Court will not reiterate this law in full, but rather, focus on the elements that are dispositive to this motion.

Each of the four courts requires plaintiff to allege facts which render plausible their contention that defendant's Extended Wear Products present a higher risk of harm relative to other non-extended wear products. In Count 1, a showing of an increased risk of harm makes defendant's product unmerchantable. Mich. Comp. Laws § 440.2314(2). In Count 2, a showing of increased risk of harm makes the product unfit for its particular purpose of long-term use. Mich. Comp. Laws § 440.2315. In Count 3, a showing of increased risk of harm despite advertisements declaring suitability of the products for long-term use demonstrates that defendant misrepresented or omitted a material fact. Mich. Comp. Laws § 445.903(1)(s), (y), (cc); Ariz. Rev. Stat. § 44-1521(A). In Count 4, a showing of increased risk of harm supports the claim that it would be inequitable for defendant to retain the profits it received from plaintiffs.

*Belle Isle Grill Corp v. City of Detroit*, 256 Mich. App. 463, 478 (2003); *Freeman v. Sorchych*, 226 Ariz. 242, 251 (Ct. App. 2011).  The Court turns to the factual allegations present in the SAC to determine whether they render plaintiffs' contention plausible.

Plaintiffs argue the following series of allegations to support their contention that defendant's products have an increased risk of adverse health consequences.  Defendant falsely advertised that its product is safe for long-term use.  Adult incontinence protection products are not safe for long-term use.  Wearing a soiled product creates a risk of UTI and/or skin ulcer by exposing consumers' urinary tract and skin to contact with their waste.  Multiple medical protocols recommend changing adult incontinence protection products after each incidence of voiding.  Like other adult incontinence protection products, defendant's product includes this risk. However, unlike other adult incontinence protection products, defendant's product is advertised for use over longer time periods.  This extended wear increases the amount of time that a consumer's urinary tract and skin are exposed to contact with waste.  Thus, defendant's product increases the risk of adverse health consequences when used as advertised and/or directed compared to other non-extended wear products.

The SAC references eight sources which provide medical evidence that wearing a soiled adult incontinence protection product creates a risk of UTI and/or skin ulcers.  (Doc. 24-2; 24-3; 24-4; 27-7; 24-8; 24-11; 24-12; 24-13).  But this evidence does not specify what types of adult incontinence protection products are associated with this risk.  There are several different types of adult incontinence protection products including pads, liners, guards, briefs, and diapers.  (Doc. 24-13 at 16; 24-7 at 2).  Each type has different absorbing properties and "ability to minimize or prevent exposure to urine or feces."  (Doc. 24-13 at 16).  Some products are more "skin friendly" and include multiple layers and/or breathable backings to reduce contact with waste.  (Doc. 24-13 at 16).

Plaintiffs do not provide any evidence regarding the design of defendant's product and whether it exposes consumers to waste.  While some adult incontinence protection products may expose users to waste, creating a risk of UTI and skin ulcers, defendant's product may be a skin friendly design that does not pose this risk, much less an increased risk from extended wear.  Without such evidence, plaintiffs have failed to plead sufficient facts to support their contention, and therein have failed to state a claim upon which relief may be granted under any of the four Counts.

## IV. Conclusion

Therefore, for the reasons stated above, the Court ORDERS that defendant's renewed motion to dismiss the second amended complaint is GRANTED. IT IS FURTHER ORDERED that the case is CLOSED.

Dated: November 28, 2016

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 30, 2016, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk